IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EDUARDO SANCHEZ | § | |
| v. | § | CIVIL ACTION NO. 5:12cv112 |
| JEFFREY CALFEE, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Eduardo Sanchez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Defendants in the case are TDCJ Wardens Jeffrey Calfee and David Hudson, Lieutenant William Jones, Sgt. Herbert McCoo, officers Bennie Ware and Terry Cornelious, and "the grievance department at the Telford Unit," although Sanchez subsequently identified grievance investigator Tonya Peacock in this regard. Service of process has been attempted on Cornelious without success, and Cornelious has not answered or appeared in the case.

Sanchez's complaint raised several grounds for relief, including taking his mail, calling him a snitch where other inmates could hear, refusal to feed him, giving him a food tray which he believed had been tampered with, refusing to allow him to go to the commissary on one occasion, failure by supervisory officers to act on his complaints, failure to process his grievances properly, and retaliation. The answering Defendants filed a motion for summary judgment, to which Sanchez filed a response.

After review of the pleadings, the Magistrate Judge issued a Report recommending the motion for summary judgment be granted and the lawsuit dismissed. The Magistrate Judge determined Sanchez's claims concerning the taking of his mail, the referral to him as a snitch, the refusal to feed him, and the tampered food tray were barred by the statute of limitations. The claim that Officer Cornelious refused to allow him to go to the commissary on May 18, 2010 was barred by limitations and also lacked merit on its face.

Next, the Magistrate Judge concluded Sanchez's claim that Officers Ware and Cornelious denied him a magazine and one piece of mail which "looked like a letter" did not set out a viable retaliation claim because the alleged retaliatory act was *de minimis*. This claim also did not set out a federal claim for deprivation of personal property because an adequate state post-deprivation remedy exists. In addition, the Magistrate Judge determined none of Sanchez's retaliation claims met the elements of such a claim as set out by the Fifth Circuit in Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).

The Magistrate Judge stated Sanchez's claims that supervisory officials failed to take the corrective action which Sanchez deemed appropriate lacked merit because prisoners have no constitutionally protected liberty interest in having grievances or complaints resolved to their satisfaction. Finally, the Magistrate Judge determined the Defendants were entitled to qualified immunity for damages claims against them in their individual capacities and Eleventh Amendment immunity for damages claims against them in their official capacities.

In his objections to the Magistrate Judge's Report, Sanchez first complains he did not consent to have his case heard by the Magistrate Judge and he requested a jury trial. The case was referred to the Magistrate Judge for the hearing of pre-trial matters and to submit recommendations for the disposition of prisoner petitions challenging the conditions of confinement or for motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss for failure to state a claim upon which relief may be granted, or to involuntarily dismiss an action, as set out in 28 U.S.C. §636(b). No consent is required for a referral under 28 U.S.C. §636(b), and litigants may not

withhold consent to a referral under this provision. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). The fact a litigant requests a jury trial does not foreclose the granting of summary judgment where there are no disputed issued of material fact and the moving party is entitled to judgment as a matter of law. *See* Crumbley v. Helem, 485 Fed.Appx. 1, 2012 WL 975022 (5th Cir., March 22, 2012) (jury demand becomes moot when summary judgment is granted), *citing* Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007).

Next, Sanchez discusses the allegedly tampered food tray and asserts the statute of limitations begins to run when he knows or has reason to know of the injury forming the basis of the action. His own pleadings show he saw the alleged tampering as soon as he received the tray, on April 25, 2010, and his Step Two grievance concerning the food tray was signed on July 13, 2010. Sanchez's lawsuit is signed October 5, 2012, over two years after his Step Two grievance was denied. The Magistrate Judge properly determined this claim is barred by the statute of limitations.

Although Sanchez contends the grievance attached to his original complaint was denied on December 29, 2010, within the limitations period, this grievance only concerns an alleged incident of harassment and retaliation by Ware and Cornelious which occurred on September 30, 2010. The Magistrate Judge did not conclude this claim was time-barred, and the filing of this grievance did not bring all of Sanchez's claims within the limitations period.

Sanchez appears to argue the denials of his grievances were themselves retaliatory, asserting Warden Calfee and grievance investigator Peacock had known since 2007 that Sanchez was having problems but had done nothing. In effect, Sanchez raises the circular argument that his grievances were denied in retaliation for his having filed grievances. The argument fails because Sanchez has not shown that but for the alleged retaliatory intent, his grievances would not have been denied.

Finally, Sanchez argues all of the Defendants' actions for the past four years have been objectively unreasonable, complaining the Magistrate Judge did not "attempt to justify" the Defendants' actions in trying to poison him, taking his mail, or retaliating against him. As the Magistrate Judge correctly concluded, after the defendants properly invoke qualified immunity, the

plaintiff bears the burden to rebut its applicability. Tolan v. Cotton, 713 F.3d 299, 304 (5th Cir. 2013). Sanchez failed to carry his burden to rebut the Defendants' claim of qualified immunity. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and evidence in this cause, including the Plaintiff's complaint, the Defendants' motion for summary judgment, the Plaintiff's response to this motion, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 45) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 40) be and hereby is GRANTED and the above-styled civil action is hereby DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 18th day of September, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE